**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS**
Urbana Division

| | |
|---|---|
| **DENNY PATRIDGE and** ) | |
| **JUDY PATRIDGE,** ) | |
| Plaintiffs, ) | |
| v. ) | |
| ) | Case No.  05-2172 |
| **J.K. HARRIS COMPANY,** ) | |
| **BOBBIE MICKEY, and** ) | |
| **LARRY PHILLIPS,** ) | |
| Defendants. ) | |

# REPORT AND RECOMMENDATION

In August 2005, Plaintiffs Denny and Judy Patridge filed a Complaint (#1) against Defendants J.K. Harris and Company (hereinafter "J.K. Harris"), Bobbie Mickey, and Larry Phillips, alleging breach of contract and fraud in connection with a contract for legal representation. Federal jurisdiction is based on diversity pursuant to 28 U.S.C. § 1332. In March 2006, Plaintiffs filed a 2nd Amended Complaint (#30).

In November 2005, the United States filed a Motion To Intervene (#17) and Plaintiffs filed a memorandum in opposition. After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that the United States' Motion To Intervene **(#17)** be **DENIED**.

### I.  Background

Plaintiffs' amended complaint alleges breach of contract and fraud relating to a contract for legal representation. J.K. Harris is a company that provides representation on tax matters. At relevant times, Defendant Mickey worked for J.K. Harris and Defendant Phillips performed contract services for J.K. Harris.

In January 2000, the IRS sent a notice of deficiency (hereinafter "NOD") to Plaintiffs regarding their tax returns for 1996 and 1997, claiming that Plaintiffs owed around $220,000 in taxes for those years. The IRS also sent a NOD to Patridge Asset Management Trust taxing the same income that the IRS taxed in the NOD sent to Plaintiffs individually.

In April 2000, Plaintiffs contracted with Defendant J.K. Harris to represent them in their dealings with the IRS. In June 2004, the United States charged Plaintiff Denny Patridge with violations of several tax laws and in June 2005, a jury convicted Patridge of (1) two counts of tax evasion for 1996, 1997, and 1999 under 26 U.S.C. § 7201; (1) two counts of wire fraud under 18 U.S.C. § 1343; (3) one count of money laundering under 18 U.S.C. § 1956(a)(1)(B)(i); and (4) one count of money laundering under 18 U.S.C. § 1956(a)(1)(A)(ii). *United States v. Patridge* (04-cr-20031). *See Henson v. SCS Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (courts may take judicial notice of public court documents without converting a motion to dismiss into a motion for summary judgment).

In their amended complaint, Plaintiffs allege four counts, including breach of contract (Count I), fraud in inducement (Count II), and fraud (Counts III and IV). The complaint also alleges that Defendant Phillips falsely testified to a federal grand jury and during Denny Patridge's criminal trial (#30, ¶ 84).

In October 2005, the United States of America filed a Statement of Interest, On Behalf of the United States (#12), and Plaintiffs filed their Objection to the United States Participating Fully in This Litigation (#14). In November 2005, the United States filed a motion to intervene, arguing that it may intervene under Federal Rule of Civil Procedure 24(a)(1), based on the right provided in 28 U.S.C. § 517. The United States asserts interests in (1) protecting witnesses in federal court from civil litigation based on allegations of false testimony, (2) protecting federal witnesses from harassment through frivolous civil litigation, and (3) preventing misuse of civil litigation as pretext to gather information to challenge a criminal conviction. Plaintiffs subsequently filed a memorandum in opposition.

## II.  Standard

Federal Rule of Civil Procedure 24(a) governs intervention as of right, providing, in pertinent part, that anyone may intervene "when a statute of the United States confers an unconditional right to intervene." FED. R. CIV. P. 24(a)(1).

The Court should not dismiss a motion to intervene as a matter of right unless it appears to a certainty that the intervenor is not entitled to relief under any set of facts which could be proved under the complaint. *Reich v. AC/York-Estes Corp.*, 64 F.3d 316, 321 (7th Cir. 1995). In considering a motion to intervene, the Court must accept as true the nonconclusory allegations of the motion. *Id.* "[C]ourts have been reluctant to interpret statutes to grant an unconditional right to intervene to private parties." *Phar-Mor, Inc. v. Coopers & Lybrand*, 22 F.3d 1228, 1232 (3d Cir. 1994) (construing Rule 24(a)(1) narrowly in the context of the right of private parties to intervene in bankruptcy cases under 11 U.S.C. § 1109(b)); *Fuel Oil Supply & Terminaling v. Gulf Oil Corp.*, 762 F.2d 1283, 1286 (5th Cir. 1985) (same). However, the United States is not a private party: "The statutes that do confer an absolute right to intervene generally confer that right upon the United States or a federal regulatory commission." *Id.* (citing C. Wright & A. Miller, *Federal Practice and Procedure*, Civil § 1906).

### III. Discussion

The United States argues that it has an unconditional right to intervene under Rule 24(a)(1) based on 28 U.S.C. § 517 (hereinafter "Section 517"), which provides as follows:

> The Solicitor General, or any officer of the Department of Justice, may be sent by the Attorney General to any State or district in the United States to attend to the interests of the United States in a suit pending in a court of the United States, or in a court of a State, or to attend to any other interest of the United States.

28 U.S.C. § 517. The United States has stated that it wishes to intervene as a party and participate in all aspects of the litigation. (#12, p. 1.)

Plaintiffs object to the United States' intervention on the basis that (1) Section 517 does not provide an unconditional right to intervene and, therefore, it does not provide a basis for intervention under Federal Rule of Civil Procedure 24(a)(1); (2) the motion to intervene does not comply with the procedural requirements of Rule 24; (3) the United States cannot intervene under Rule 24(a)(2) because Defendants can adequately represent the interests claimed by the United States and Defendants are capable of raising any defense they wish to have the Court consider; (4) the United States Attorney has no standing to appear in this case; and (5) the Court lacks jurisdiction to allow the United States to interfere in the suit.

### A. Subject Matter Jurisdiction

As an initial matter, Plaintiffs argue that this Court lacks jurisdiction to allow the United States to "interfere" in the suit. Plaintiffs' assertion regarding lack of jurisdiction is without merit. As the parties who brought the case to federal court, Plaintiffs bear the responsibility for alleging a basis for federal jurisdiction. If the Court has no jurisdiction, it would be required to dismiss the complaint in its entirety.

The Court is cognizant of the fact that Plaintiffs' original complaint failed to adequately allege diversity jurisdiction; however, Plaintiffs cured those defects in their 2nd Amended Complaint (#30), filed in March 2006. Accordingly, the Court is satisfied that it has jurisdiction over this case, including the motion to intervene.

### B. Federal Rule of Civil Procedure 24(c)

The Court agrees with Plaintiffs that the United States has failed to comply with the procedural requirements required by Rule 24(c), which provides, in pertinent part, as follows: "The motion [(to intervene)] shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought. The same procedure shall be followed when a statute of the United States gives a right to intervene." FED. R. CIV. P. 24(c). Thus, Rule 24(c) requires that the person seeking to intervene must accompany his motion with a "pleading setting forth the claim or defense for which intervention is sought." Furthermore, a "motion to intervene technically may not just 'adopt' the pleadings of an original party, nor may it merely describe a future pleading." *Shevlin v. Schewe,* 809 F.2d 447, 450 (7th Cir. 1987).

Whether to permit a procedurally defective motion to intervene is within the district court's sound discretion. *Aikens v. City of Chi.*, 202 F.R.D. 577, 585 (N.D. Ill. 2001), citing *Retired Chi. Police Ass'n v. City of Chi.*, 7 F.3d 584, 595 (7th Cir. 1993). Although the United States has described its "interests" in the current litigation, those interests, at least as currently

articulated, do not state a claim or defense.  *See* 3B J. Moore, *Moore's Federal Practice* ¶ 24.1, at 24-162 (proposed complaint of intervenor "must state a well-pleaded claim or defense"); 7A C. Wright & A. Miller, *Federal Practice & Procedure* § 1914, at 569 (1972) ("proposed pleading must state a good claim for relief"); *Pin v. Texaco, Inc.*, 793 F.2d 1448, 1450 (5th Cir. 1986).

Here, the United States has stated that it wishes to intervene as a party; however, it has failed to file a pleading that sets forth its claims or defenses or the relief it seeks.  Without that information, the Court cannot consider whether intervention is proper.  *See Pin*, 793 F.2d at 1450 ("as a threshold matter, the district judge must determine whether the intervenor's complaint states a cause of action before he [considers] . . . whether intervention is appropriate.") Therefore, the Court recommends denying the motion to intervene at this time for failure to comply with Rule 24(c).

### C.  Standing

If the United States wishes to intervene as a party, it will also have to establish Article III standing.  *See Ragsdale v. Turnock*, 941 F.2d 501, 509 (7th Cir. 1991); *Perry v. Sheahan,* 222 F.3d 309, 313 (7th Cir. 2000) (stating that the standing requirement imposed by Article III of the United States Constitution limits federal subject matter jurisdiction to claims that present an actual case or controversy in whose outcome a party has a personal stake).  Because the United States has not filed a pleading stating its claims, the Court cannot evaluate at this time whether those claims are sufficient to establish that the United States has standing to intervene as a party.  *See Pin*, 793 F.2d at 1450.

### IV.  Summary

For the reasons stated above, this Court recommends that the United States' Motion To Intervene **(#17)** be **DENIED**.  The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a

copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

    ENTER this 18th day of April, 2006.

                                                       s/ DAVID G. BERNTHAL
                                                   U.S. MAGISTRATE JUDGE