E-FILED
Thursday, 11 May, 2006  09:51:25 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
**Urbana Division**

| | |
|---|---|
| **DENNY PATRIDGE and** ) | |
| **JUDY PATRIDGE,** ) | |
|       Plaintiffs, ) | |
|   v. ) | |
| ) | Case No. 05-2172 |
| **J.K. HARRIS COMPANY,** ) | |
| **BOBBIE MICKEY, and** ) | |
| **LARRY PHILLIPS,** ) | |
|       Defendants. ) | |

# REPORT AND RECOMMENDATION

In August 2005, Plaintiffs Denny and Judy Patridge filed a Complaint (#1) against Defendants J.K. Harris and Company (hereinafter "J.K. Harris"), Bobbie Mickey, and Larry Phillips, alleging breach of contract and fraud in connection with a contract for legal representation. In November 2005, Plaintiffs filed an Amended Complaint (#20) and in March 2006, Plaintiffs filed a 2d Amended Complaint (#30). Federal jurisdiction is based on diversity pursuant to 28 U.S.C. § 1332.

In November 2005, the United States filed a Motion To Intervene (#17) as a party, which the Court denied for failure to comply with Federal Rule of Civil Procedure 24(c). In April 2006, the United States filed an Amended Motion To Intervene (#34). After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that the United States' Amended Motion To Intervene **(#34)** be **GRANTED**.

In its previous motion to intervene, the United States sought to intervene as a party and this Court recommended denying it for failure to articulate what claim or defense it was asserting related to its own interests. In its current motion, the United States asks to intervene "to assist in the protection of an independent witness" (#35, p. 6), rather than to assert a claim or defense on its own behalf. The United States characterizes this role as a "lesser step" than direct representation of a cooperating witness. (#35, p. 7.)

The United States argues that it has a right to intervene pursuant to 28 U.S.C. § 517 to assert its interest in protecting witnesses in federal court tax prosecutions against damage claims based on allegations of false testimony.  In support, the United States cites several cases including *Brawer v. Horovitz*, 535 F.2d 830, 836 (3rd Cir. 1976), and *Hall v. Clinton*, 285 F.3d 74, 78 (D.C. 2002).  In *Hall*, the court held that the United States had an interest in representing the former First Lady in litigation based on actions she allegedly undertook while at the White House.  *Id.* at 80.  In *Brawer*, the court ruled that the United States had legal authority to represent the interest of a cooperating witness.  In affirming that ruling, the Third Circuit agreed with the government which had stated as follows:

> The "interest of the United States" involved here is the assistance and protection of government informers and witnesses, so valuable in the prosecution of criminal actions.  Public policy demands that government informers and witnesses should feel free to give complete and independent testimony in criminal prosecutions, unintimidated by the threat of harassing, vexatious and frivolous civil suits against them due to their testimony.

*Brawer*, 535 F.2d at 836.  This Court agrees that the United States can play a legitimate role in a situation such as this one where the United States seeks to assist in representing a party who testified in a federal tax prosecution.  Accordingly, the Court recommends granting the United States' motion to intervene for the purpose of assisting with Defendants' representation as set forth in the United States' memorandum.

### Summary

For the reasons stated above, this Court recommends that the United States' Amended Motion To Intervene **(#34)** be **GRANTED**.  The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 11th day of May, 2006.

                                                  s/ DAVID G. BERNTHAL
                                                  U.S. MAGISTRATE JUDGE